**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30003 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00057-SPW-1 |
| v. | |
| JOSHUA LEE HELM, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Joshua Lee Helm appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion, *see*

*United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Helm contends that he is entitled to compassionate release because his medical conditions subject him to a greater risk of severe illness from COVID-19, he is receiving inadequate medical care, and he does not pose a danger to the community. The district court agreed with Helm that his medical issues constituted extraordinary and compelling reasons supporting his release but denied relief under 18 U.S.C. § 3553(a). Given the record before the court, it did not abuse its discretion in concluding that Helm's history and characteristics, as well as the substantial time remaining on his sentence, did not support release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record); *see also United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (court may deny compassionate release based on its § 3553(a) analysis alone).

We do not reach Helm's remaining arguments, many of which concern issues beyond the scope of a compassionate release motion, because they were not raised before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). To the extent Helm argues that the district court relied on clearly erroneous facts regarding his offense conduct and criminal history, the record does not support his argument.

Helm's motions for "reconsideration for compassionate release" are denied.

**AFFIRMED.**